```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
UNITED STATES OF AMERICA,                       :
                                                :
                              Plaintiff,        :
                                                :           SUMMARY ORDER
                 -against-                      :           2:14-cv-1901 (DLI)
                                                :
THE REAL PROPERTY AND PREMISES LOCATED AT       :
222 BROOKVILLE ROAD, MUTTONTOWN, NEW YORK,      :
11545 and ALL PROCEEDS TRACEABLE THERETO,       :
                                                :
                              Defendants.       :
------------------------------------------------------------------------ x
```

**DORA L. IRIZARRY, Chief United States District Judge:**

On July 28, 2016, a trial jury convicted Syed Imran Ahmed ("Ahmed"), a general surgeon, of one count of health care fraud (Count One), three counts of making false statements in connection with the delivery of or payment for health care benefits, items, or services (Counts Two, Three and Four), and two counts of money laundering (Counts Five and Six). *United States v. Syed Imran Ahmed*, No. 14-cr-00277(DLI). In this civil forfeiture action, Ahmed, proceeding *pro se*, seeks to bring a claim challenging the forfeiture. (Docket Entry No. 41). Ahmed also seeks the Court's recusal from this matter due to an alleged conflict of interest, apparently based on the fact that this Court presided over his criminal trial. (Docket Entry No. 43).

On April 30, 2018, Ahmed sought an extension of time to file his proof of claim alleging his interest in the assets that are the subject of this action, as required by Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims. (Docket Entry No. 45). On May 7, 2018, the Court granted Ahmed's request for an extension. The Court gave Ahmed until May 11, 2018 to comply with Rule G. Due to complications in locating Ahmed within the Bureau of Prisons, apparently due to his transfer to a different facility, the deadline for his response was extended again to July 9, 2018. (ECF Order, June 11, 2018).

On August 3, 2018, the government filed its Motion to Strike, arguing that Ahmed's filings should be stricken because he lacks statutory standing due to his repeated failure to file a verified claim in compliance with Rule G. (Docket Entry No. 51). For the reasons set forth below, the government's motion to strike Ahmed's claims is granted.

Rule G(5)(a) of the Supplemental Rules provides how a claim must be filed in a forfeiture action *in rem* arising from a federal statute:

> A person who asserts an interest in the defendant property may contest the forfeiture by filing a claim in the court where the action is pending. The claim must:
>
> (A) identify the specific property claimed;
>
> (B) identify the claimant and state the claimant's interest in the property;
>
> (C) be signed by the claimant under penalty of perjury; and
>
> (D) be served on the government attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D).

Supplemental Rules for Certain Admiralty and Maritime Claims, Rule G.

A party who fails to file a claim that meets these criteria has not established statutory standing, and, therefore, may not participate in a forfeiture action. *See United States v. Cambio Exacto, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999) ("In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court."). Verification ensures that a claimant places himself "at risk of perjury for false claims," and "is not a mere technical requirement that [courts] easily excuse." *United States v. Commodity Account No. 549 54930 at Saul Stone & Co.*, 219 F.3d 595, 597 (7th Cir. 2000) (verification ensures that a claimant places himself "at risk of perjury for false claims"); *see United States v. $417,143.48*, 2015 WL 5178121, at *6 (E.D.N.Y. Sept. 2, 2015), *aff'd*, 682 F. App'x 17 (2d Cir. 2017) (noting that, although the Second Circuit has not directly addressed this issue, the Third Circuit has

identified verification pursuant Rule G(5)(a)'s predecessor as "the most significant requirement" in establishing statutory standing).

The government has outlined the numerous occasions over the past four years in which Ahmed was advised that he must file a verified claim identifying his interest in the claimed property. (*See* Docket Entry No. 51 at 3-6). The Court, taking note of Ahmed's *pro se* status (despite the fact that he has post-graduate training as a surgeon), provided him with an extension of the deadline by which to file his verified claim. (*See* ECF Order, dated May, 7, 2018; ECF Order, dated June 11, 2018). The latest deadline for Ahmed to file his verified claim was July 9, 2018.

It has been over ten weeks since the expiration of the twice-extended deadline for Ahmed's claim. Accordingly, the Court finds that Ahmed has not established constitutional standing under Article III or statutory standing under Rule G(5). *See Cambio Exacto*, 166 F.3d at 527 (looking to ownership or possessory interests as "reliable indicators of injury that occurs when property is seized" to establish constitutional standing); *see, e.g.*, *United States v. $417,143.48*, 2015 WL 5178121, at *7, *aff'd*, 682 F. App'x 17 (2d Cir. 2017) (striking claims for lack of statutory standing because claimants failed to sign under penalty of perjury and lateness of claims was not excused).

Without standing, Ahmed is not entitled to seek any relief from the Court. *See United States v. Real Prop. & Premises Located at 2840 S. Ocean Boulevard, Apartment No. 209 & Parking Space No. 166, Palm Beach, Fla. 33480*, 2017 WL 1533538, at *5 (E.D.N.Y. Apr. 21, 2017), *appeal dismissed sub nom. United States v. Yembe*, 2017 WL 5178872 (2d Cir. Aug. 24, 2017) ("Given that [claimant] lacks statutory standing to participate in these cases, I need not address her motion to dismiss or her other submissions.").

Accordingly, for the foregoing reasons, the government's motion is granted and Ahmed's claim and recusal motion are stricken.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge